UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA COLLINS

    Plaintiff,

v.                                                                                   CASE NO. 8:04-cv-433-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security

    Defendant.

_____/

**ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks review of the Commissioner's decision denying her claim for Supplemental Security Income (SSI).[1] Plaintiff argues that the Administrative Law Judge (ALJ) erred by (1) failing to properly assess the Plaintiff's credibility and (2) failing to properly develop the medical record. After reviewing the record, I find that the ALJ applied the correct legal standards and the decision is supported by competent substantial evidence. Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

*Background*

Plaintiff was forty-eight years old at the time of her administrative hearing on December 20, 2005. She has an associate of science degree in computer science and past relevant work experience as a clerical assistant and store clerk. Plaintiff alleges disability due to tendonitis, polyarthralgias,

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. 636(c).  (Doc. 9)

carpal tunnel syndrome, pain and muscle spasms.[2]  Plaintiff protectively filed for SSI on March 22, 1995, alleging a disability onset date of January 5, 1995.  Plaintiff's application was denied both initially and upon reconsideration, and Plaintiff requested a hearing before an ALJ.  On February 24, 2003, the ALJ denied Plaintiff's claim and on January 9, 2004, the Appeals Council denied Plaintiff's request for review.

*Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-

---

[2] The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this Order.  (R. 16-21).

2

related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALF even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that [s]he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

*Discussion*

*I. Whether the ALJ erred by failing to properly assess Plaintiff's credibility.*

Plaintiff contends that the ALJ failed to properly assess her credibility by not considering her testimony that she could not use her hands and fingers to perform fine and gross manipulation. Defendant argues that the ALJ correctly assessed Plaintiff's credibility, because the ALJ gave

weight to the clinical findings from Plaintiff's treating physician, the suggestion of rehabilitative therapy from a physical therapist, the opinions of the state agency doctors, and other evidence to determine Plaintiff's testimony was not fully credible.

The Eleventh Circuit has established a three-part "pain standard" that applies to claimants that attempt to establish a disability through their own testimony of subjective complaints. The standard requires evidence of an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain. *See Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991). When the ALJ decides not to credit a claimant's testimony as to her pain he must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Id.* at 1562.

In satisfying the *Holt* standard, the ALJ considered the evidence of the Plaintiff's treating physician, physical therapist, two consultative examiners, two State Agency medical consultants, and Plaintiff's own evidence of her daily activities. (R. 20). Plaintiff's treating physician, Dr. Janer, found that her muscle strength was 5/5 in both extremities and recommended physical therapy. (R. 198). Before the Plaintiff was discharged from physical therapy for nonattendance, the physical therapist, Kellie Coss, noted that the Plaintiff was able to walk for one-half mile without pain and suggested rehabilitative therapy coupled with a home exercise program. (R. 199-200). The ALJ also stated that he gave consideration to the State Agency medical consultants whose findings and opinions were consistent with the weight of the evidence. (R. 20). The ALJ considered

Plaintiff's subjective complaints of right wrist limitations in determining the her Residual Functional Capacity and finding her polyarthralgia prevents her from performing medium or heavy exertion. (R. 19). The ALJ also noted the Plaintiff's own testimony that she is able to do a little housework, sometimes go shopping, and watch her 4-year old grandson with help. (R. 35, 37, 38, 47). Finally, the ALJ also noted the lack of restriction to sedentary work in any of the physicians' opinions in concluding that Plaintiff was not as restricted as she claimed. (R. 20). Based on these findings, the ALJ properly determined that Plaintiff's complaints of severe pain were not supported from the documentary evidence.

> II. *Whether the ALJ failed to properly develop the medical record by not recontacting Dr. Schreier.*

Plaintiff contends that the ALJ erred by not recontacting consultative examiner Dr. Schreier prior to rejecting his medical opinion regarding his assessment of Plaintiff's condition. Defendant argues that the ALJ did not err in giving more weight to Plaintiff's treating physician's clinical findings over Dr. Schreier's one-time examination, and the ALJ was not required to recontact Dr. Schreier under 20 C.F.R. § 416.912(e) because the evidence the ALJ had was adequate to make a decision.

A court should review the administrative record as a whole to determine whether it is incomplete or shows gaps in evidence that would demonstrate prejudice. *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982). When considering medical opinions, the following factors apply for determining the weight to give to any medical opinion: (1) the frequency of examination and the length, nature, and extent of the treatment relationship; (2) the evidence in support of the opinion, i.e., "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight" that opinion is given; (3) the opinion's

5

consistency with the record as a whole; (4) whether the opinion is from a specialist; if it is, it will be accorded greater weight; and (5) other relevant but unspecified factors. 20 C.F.R. § 404.1527(d)(2). A one-time examiner is not considered a treating physician and therefore, their opinions are not entitled to deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Further, the ALJ may reject the opinion of any physician when the evidence, as a whole, supports a contrary conclusion. *Bloodsworth*, 703 F.2d at 1240 (citing *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981)).

Here, there is substantial evidence supporting the ALJ's decision because the ALJ gave weight to the clinical findings from Plaintiff's treating physicians, diagnostic testing results, and opinions of state agency doctors. Dr. Schreier was a one time consultative examiner and not a treating physician. Therefore, pursuant to 20 C.F.R. 404.1527(d)(2), the ALJ correctly gave more weight to Plaintiff's treating physicians who had a longer treatment relationship with Plaintiff and whose testimony was more consistent with the record as a whole. Furthermore, because Dr. Schreier's opinion is contrary to the other medical sources, the ALJ was permitted to reject his opinion because it reached a conclusion contrary to the weight of the evidence. Therefore, I find that the ALJ did not fail to properly develop the medical record.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.   The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2.   The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this day of 11th day of July, 2005.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of record